Nicholas Ortoleva
vs. }Eq. No. 9275.
J. Barnard French, et ux.

April 29, 1929.

BLODGETT, P. J. Heard upon demurrer of respondents.

The bill is brought to obtain specific performance of a contract to sell certain real estate.

The contract set out in the bill alleges the receipt from Angelo Ponzarella and Nicholas Ortoleva of $400 on account of the purchase price of the land in question. Then follows the conditions for the payment of the balance, upon the payment of which respondent, J. Barnard French, agrees by his agent to deliver to complain-

ants a warranty deed within ninety (90) days from May 1, 1928. There follows an agreement on part of respondent to return said deposit if this offer is not acceptable to the owners.

Subsequently Angelo Ponzarella, before the filing of this bill, conveyed to the present complainant all his interest in said agreement.

Twenty causes of demurrer are alleged.

The causes of demurrer from one to seven inclusive are overruled.

The eighth cause alleges failure on part of complainant to make tender of performance of the contract on his part.

This cause raises the question whether under the agreement alleged the complainant is required to tender performance on his part. Is the time set for performance an essential element of this contract?

In *Bright* vs. *James*, 35 R. I. 145, 146, the necessity of tender of performance is discussed. This was a bill for specific performance of a contract for sale of real estate.

In the above case it was held, as no time for performance was contained in the agreement and the payment of the purchase price and delivery of deed were concurrent, no tender on the part of complainant was necessary before commencing action.

The agreement in the present case contains a provision for the delivery of a deed within 90 days after May 1, 1928, and the payment of the purchase price to be made concurrently upon the delivery of such deed.

At the present stage of the proceedings it does not appear that any tender of a deed has been made by respondent.

In the case above referred to (p. 146) Sec. 361 of Pomeroy on Contracts and Specific Performance is quoted:

"Where the stipulations are mutual and dependent—that is where the deed is to be delivered upon the payment of a price, either on a day named or without any day being specified—an actual tender or demand by one party is absolutely necessary to put the other in default, and cut off the right to treat the agreement as still subsisting."

The fourth clause of the bill alleges a request on the part of complainant to respondent for the delivery of a deed, and refusal on part of respondent.

The eighth cause of demurrer is overruled.

The remaining causes of demurrer are overruled.

For complainant: Lee & McCanna.

For respondents: Fitzgerald & Higgins.